UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOBIAS MCWHORTOR,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ITA COURT HARBORVIEW USA GOVERNMENT,<br><br>　　　　　　　　Defendant. | CASE NO. C19-0996JLR<br><br>ORDER DISMISSING COMPLAINT |

## I.  INTRODUCTION

Before the court are (1) *pro se* Plaintiff Tobias McWhortor's complaint (Compl. (Dkt. ## 1-1, 3)), and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. McWhortor *in forma pauperis* ("IFP") status and recommending that the court review Mr. McWhortor's action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 2) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous,

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners). As discussed below, Mr. McWhortor's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

On June 26, 2019, Mr. McWhortor filed a motion for leave to proceed IFP and a proposed complaint. (IFP Mot. (Dkt. # 1); Compl.) Later that day, Magistrate Judge Tsuchida granted Mr. McWhortor IFP status, and Mr. McWhortor's proposed complaint was filed on the docket. (IFP Order; Compl.)

In his complaint, Mr. McWhortor sues Defendant ITA Court Harborview USA Government, which may be two separate Defendants: (1) ITA Court Harborview; and (2) USA Government (collectively, "Defendants"). (*See* Compl. at 1-3.) Mr. McWhortor's complaint is difficult to decipher and self-contradictory. For example, Mr. McWhortor says that he has not "brought any other lawsuits in any federal court in the United States," but then details a previous lawsuit. (*Id.* at 3.) In addition, Mr. McWhortor filed his action against Defendants on the "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS" form provided by the United States District Court for the Western District of Washington, but Mr. McWhortor does not state that he is bringing suit against any "federal officials" or "state or local officials." (*Id.* at 1, 5.)

//

As to the events underlying Mr. McWhortor's action, Mr. McWhortor claims that, between September 2000 and June 2019, he "was detained and they injected [him] with sedatives and liquids and ordered [him to] eat pills or [he] could not leave confinement." (*Id.* at 6.) Mr. McWhortor alleges his injuries are sleeping alone since September 2001 and being "attacked by 8 demons described in bible verse." (*Id.* at 7.) Mr. McWhortor requests that the court "prevent ITA court from hospitalizing [him] or ordering [him] treatment or prevent them from threatening [him]. [P]revent the voices in the air from surveillance and let [him] [indecipherable] why they are where, and why they are talking to [him]." (*Id.*; *see also id.* at 12.)

Mr. McWhortor also attaches a number of pages to his complaint, in which he describes that he has been hospitalized 14 times since 2001 for issues relating to "schizophrenia due to voices in air and physical weight concerns and poor hygiene concerns." (*Id.* at 9.) Mr. McWhortor claims that he does not need medicine or hospitalization, that he is "gravely disabled only due to sleeping alone since Sept 2001," and that he "must go to the nation of Israel." (*Id.* at 10.) Mr. McWhortor makes additional disjointed allegations throughout the complaint. (*See generally id.*)

### III. ANALYSIS

**A. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the

language of Federal Rule of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Id.* at 555. An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even liberally construed, Mr. McWhortor's factual allegations are wholly inadequate to plausibly establish the Defendants' liability and or raise Mr. McWhortor's "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. There is no way for either the court or Defendants to discern the nature of Mr. McWhortor's claims based on his complaint. Any such attempt would be mere speculation. Mr. McWhortor's complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Mr. McWhortor's complaint fails to accomplish this requirement. Although his complaint need not include detailed factual allegations, in order to overcome the foregoing deficiencies, he must allege sufficient factual matter to place Defendants on notice of what his claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555-56. Because Mr. McWhortor fails do so, the court concludes

that Mr. McWhortor's complaint fails to state a claim against Defendants, and the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

**B.     Leave to Amend**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. McWhortor 14 days to file an amended complaint that properly addresses the pleading deficiencies identified herein and any other pleading deficiencies. If Mr. McWhortor fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. McWhortor's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The court, however, GRANTS Mr. McWhortor leave to file an amended complaint that meets the federal court pleading requirements within 14 days of the filing date of this order.

Dated this 1st day of July, 2019.

JAMES L. ROBART
United States District Judge